SAMMY L. BOAZ,

      Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

CIVIL ACTION NO.: CV506-109

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge J. Richard Stables ("ALJ Stables" or "the ALJ") denying his claim for Disability Insurance Benefits and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding him disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on April 28, 2004, alleging that he became disabled on October 22, 2002. (Tr. at 21). After his claims were denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. (Id.). On February 17, 2006, ALJ Stables held a hearing at which Plaintiff appeared and testified. (Id.). Kim Bennett, a vocational expert, also testified at the hearing. (Id.). ALJ Stables found that Plaintiff was not

disabled within the meaning of the Social Security Act ("the Act") prior to October 18, 2003, but became disabled on that date and was therefore not disabled at any time through December 31, 2002, the date last insured. (Tr. at 21-22). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 4).

Plaintiff, born on October 18, 1948, was fifty-seven (57) years old when ALJ Stables issued his decision. He has a high school education. (Tr. at 26). His past work experience includes employment as a water meter installer and as a construction worker. (Tr. at 25).

## ALJ's FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines whether the claimant is engaged in a "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in a substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R.

Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine whether the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 23). At step two, the ALJ found that Plaintiff has diabetes type II with diabetic sensory peripheral neuropathy and status-post diabetic ulcers, arthralgias, and bilateral varicose veins, impairments that are considered "severe" within the Act. (Tr. at 23). However, the ALJ concluded that Plaintiff's medically determinable impairments did not meet or medically equal, either singly or in combination, a listed impairment. (Tr. at 24). At the next step, the ALJ found that Plaintiff retained the residual functional capacity to perform light exertional work. (Tr. at 24). ALJ Stables concluded that, based on Plaintiff's residual functional capacity, age, education, and past relevant work experience, there were a significant number of jobs existing in the national economy that he could have performed prior to October 18, 2003. The ALJ also determined that subsequent to October 18, 2003, the date on which Plaintiff's age

category changed, there were not a significant number of jobs in the national economy that he could perform. (Tr. at 26). Accordingly, ALJ Stables determined that Plaintiff was not disabled within the meaning of the Act prior to October 18, 2003, but became disabled on that date and has continued to be disabled through the date of the decision. (Id.). Because Plaintiff only became disabled on October 18, 2003, he was not under a disability at anytime through December 31, 2002, the last date he was insured. (Tr. at 27).

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or

Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends that he became disabled on October 22, 2002, and that the ALJ's determination that he did not become disabled until October 18, 2003 is not supported by substantial evidence. (Doc. No. 16, p. 4). Specifically, Plaintiff contends that the ALJ erred in "not obtaining vocational expert testimony in light of Mr. Boaz' significant non-exertional limitations" and in "failing to call on the services of a medical advisor to determine the onset date of his impairment." (Id. at 5). Additionally, Plaintiff contends that the ALJ erred in failing to address evidence in the record of the Veterans Administration ("VA") disability determination and payment of benefits. (Id. at 5-6).

Conversely, Defendant contends that at step five of the disability determination process, ALJ Stables properly used the Medical-Vocational guidelines to determine Plaintiff's ability to perform other work because his determined residual functional capacity ("RFC") was that of light work. (Doc. No. 19, p. 6). Defendant contends that the ALJ's RFC finding was supported by the evidence. Defendant further asserts that the services of a medical expert were unnecessary in this case because there was no need to infer an onset date. (Id. at 7). Finally, Defendant contends that the ALJ did consider the VA's determination and explained the weight that he gave it. (Id. at 7-8).

### I. The ALJ Did Not Err in Failing to Use Vocational Expert Testimony

Generally, after a claimant's residual functioning capacity and ability (or inability) to return to his past relevant work are determined, "the ALJ may use the grids to

determine whether other jobs exist in the national economy that a claimant is able to perform." Phillips v. Barnhart, 357 F.3d 1232, 1242 (11th Cir. 2004). However, when a claimant is "unable to perform a full range of work at a given residual level *or* when a claimant has non-exertional impairments that significantly limit basic work skills," exclusive reliance on the grids is inappropriate. Id. (internal punctuation and citation omitted) (emphasis in original). If either of these conditions is present, the ALJ is required to consult a vocational expert. Id.

In this case, the ALJ found that Plaintiff could perform a full range of work at the light work level. Though Plaintiff challenges this finding, his only enumeration of error on this point is that he "cannot stand and walk 6 out of 8 hours, as is required to perform light duty work." (Doc. No. 16, p. 4). Plaintiff points to no specific medical evidence that would support this claim, except to note that a consultative examiner found "severe bilateral varicose veins, as well as sensory loss in the distribution of a peripheral neuropathy with diabetic ulcers. . . ." (Id.). The ALJ, however, specifically noted Dr. Wallace's findings, but went on in his RFC determination to find that Plaintiff's ability to stand and walk did not limit him to sedentary work. (Tr. at 23-24). ALJ Stables found that despite Plaintiff's claims that his ability to stand and walk limits him to sedentary work, the evidence indicated that he may walk several miles in a typical week and that he carries laundry and groceries in a tote bag. (Tr. at 24). Podiatry records did not indicate that his ability to walk or stand was compromised. (Tr. at 25). The combination of such medical evidence and daily living activity demonstrated to ALJ Stables that Plaintiff's standing/walking capability is for light, not sedentary, work. (Tr. at 24-25). Plaintiff has offered nothing to dispute this determination, nor does he appear to offer

other evidence of non-exertional impairment. Accordingly, the ALJ was not required to consult vocational expert testimony, but instead could rely exclusively on the grids to determine whether other jobs exist. ALJ Stables did so, and Medical-Vocational Rule 202.13 directed a finding of "not disabled" for the time period prior to October 18, 2003. (Tr. at 26).

## II. The ALJ Did Not Err in Failing to Consult a Medical Advisor

The whole of Plaintiff's contention here is that "[t]he Administrative Law Judge failed to comply with Social Security Ruling 83-20 by failing to call on the services of a medical advisor to determine the onset date of his impairment." (Doc. No. 16, p. 5). Plaintiff fails to explain his argument further, but it is clear that any reliance on the provision of SSR 83-20 relating to a medical advisor is misplaced. SSR 83-20 provides an analytical framework for determining the onset date of disability, and defines that date as "the first day an individual is disabled as defined in the Act and the regulations." SSR 83-20 at *1. The onset date of Plaintiff's disability, as defined by the Act and the regulations, was October 18, 2003. On that date, Plaintiff turned 55 years old and was rendered disabled under the regulations. See 20 C.F.R. § 1568(d)(4) ("If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work . . ."). SSR 83-20's provision requiring consultation of a medical advisor is for cases in which the onset date must be inferred, i.e., where the true onset date presumably occurred some time prior to the first documented medical examination. SSR 83-20 at 3. This situation is clearly not at issue here, as Plaintiff became disabled under the Act by virtue of his transition from one age category to the next on a specific date.

## III. The ALJ Did Not Err in His Treatment of The VA's Determination

Plaintiff is receiving disability benefits from the Veterans Administration, at 20% disabled for his diabetes mellitus. (Tr. at 25). "Although the VA's disability rating is not binding on the [Commissioner], it is evidence that should be given great weight." Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984). The ALJ here considered the VA's disability rating, but noted that that agency's disability criteria differ from those under the Social Security Act, and that "a 20% VA disability rating does not equate to sedentary capability." (Tr. at 25). Furthermore, the ALJ noted that "the extensive walking and bicycle riding claimant performs shows the actual functional impact of his impairments does not restrict him to sedentary work." (Id.). The ALJ is not bound by the decisions of another administrative agency, and in this case, he considered the VA's finding and stated his reasons that it did not lead him to a determination that Plaintiff is restricted to sedentary work. The record here contained other evidence, noted by the ALJ, which was not consistent with a restriction to sedentary work.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 31st day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE